UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **RANCE SMITH**<br>     **LA. DOC #381077**<br>**VS.** | **CIVIL ACTION NO. 3:13-cv-2168**<br><br>**SECTION P**<br><br>**JUDGE DONALD E WALTER** |
| **LARRY G. COX, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

*Pro se* plaintiff Rance Smith, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 28, 2013. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections. He is incarcerated at the Madison Parish Correctional Center (MPCC), Tallulah, Louisiana, and he complained that he is exposed to second hand tobacco smoke. He also complained that his grievances were ignored. He sued Sheriff Cox, Warden Johnson, and Lt. Smith praying only for a transfer to a smoke-free facility.

On August 9, 2013, plaintiff was directed to amend his complaint on or before September 9, 2013. [Doc. 8] When he failed to do so, the undersigned, on November 25, 2013 (more than 2 months after the deadline),  recommended dismissal of the complaint pursuant to F.R.C.P. Rule 41(b). [Doc. 9] On December 3, 2013 plaintiff submitted a two-paged handwritten pleading acknowledging receipt of the August 9, 2013, amend order. [Doc. 10] Therein he also alleged that he was unable to amend the complaint because the inmate who prepared his original complaint had been transferred. Nevertheless he re-urged his original complaint and further alleged that he is exposed to unpleasant odors from the bathroom area and that he is not afforded sufficient outdoor recreation. He did not, however, address the issues he was directed to address

in the August 9, 2013, Memorandum Order. In light of plaintiff's continued failure to cure the defects of his original complaint as noted in the August 9, 2013 amend order,

**IT IS AGAIN RECOMMENDED** that the complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to the provisions of F.R.C.P. Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, December 5, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE